**LONDON'S, Inc. v. MACK SHIRT CORP.**

Civ. No. 53–350.

United States District Court
D. Massachusetts.

Sept. 22, 1953.

Daniel A. J. Doyle, Attleboro, Mass., for plaintiff.

John J. Luhrman, Nichols, Wood, Marx & Ginter, Cincinnati, Ohio, for defendant.

FORD, District Judge.

This is an action of contract by a Massachusetts corporation against an Ohio corporation alleged to be doing business in Massachusetts. Service of process was made upon the Massachusetts Commissioner of Corporations and Taxation. Mass. G.L. ch. 181, §§ 3, 3A. Defendant moves to quash service on the ground that it does not do business in Massachusetts.

The affidavit of defendant's president, filed in support of the motion, sets forth that defendant has no place of business in Massachusetts and no assets in that state. It does solicit orders for the sale of its products through an independent agent. Contracts of sale are completed in Ohio and defendant makes deliveries directly to purchaser who must pay directly to defendant in Ohio. No counter affidavit has been filed on behalf of plaintiff.

The complaint alleges that plaintiff has, over a period of years, regularly purchased merchandise from defendant, and further alleges a refusal of defendant to furnish plaintiff with certain merchandise in February, 1953. The complaint may be fairly taken to charge that this refusal was breach of a contract implied from the past dealings of the parties.

The question is whether mere solicitation of business within Massachusetts is in itself a sufficient doing of business to be the basis for service of process on a foreign corporation, at least where the cause of action alleged is one based on such previous activity of the corporation within Massachusetts. The question is one to be decided

in accordance with Massachusetts law. Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, 194. For many years the law of Massachusetts has appeared to be that mere solicitation of business without some additional activity within the state was not sufficient basis for service on a foreign corporation. It was so held in Thurman v. Chicago, Milwaukee & St. Paul Ry. Co., 254 Mass. 569, 151 N.E. 63, 64, 46 A.L.R. 563, despite the language of Mass.G.L. ch. 223, § 38, providing for service on a foreign corporation "soliciting business in the commonwealth", on the ground that to apply the words of the statute literally in that particular case might violate the Constitution of the United States. In the Thurman case, however, the transactions out of which the action arose all took place outside Massachusetts and had no connection with defendant's solicitation of business in Massachusetts, and the court expressly, 254 Mass. at page 575, 151 N.E. 63, left undecided the question of whether solicitation of business would be a sufficient basis upon which to found an action growing out of business resting on that solicitation.

The question has been discussed by the Massachusetts court in two recent cases, Jet Manufacturing Co. Inc., v. Sanford Ink Company, 330 Mass. 173, 112 N.E. 252, and Wyshak v. Anaconda Copper Mining Co., 328 Mass. 219, 103 N.E.2d 230.

While the court did not expressly overrule the Thurman case, it pointed out that the constitutional fears which underlay the Thurman decision have not been borne out. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. While the Massachusetts court in both the Jet and the Wyshak cases found that there was in fact some activity in addition to mere solicitation, yet the language of these cases and G.L. ch. 223, § 38 very strongly indicate that the Massachusetts court, if confronted with the question on the facts of the present case, would hold that the solicitation of business in Massachusetts by the defendant here was a suffi-

cient basis for valid service of process in the cause of action here alleged. After all, this would seem to be a common sense view. Soliciting business for a corporation should be deemed promotional work in itself and Wyshak says this is enough to tip the scales. Solicitation of orders in Massachusetts culminating in sales surely adds to the good will of a corporation and increases business, and in that sense is promotional. In any event, it is difficult to characterize continuous solicitation of orders as "not doing business." Such an activity, especially when continuous and systematic, International Shoe Co. v. State of Washington, supra, 342 U.S. at page 317, 66 S.Ct. 154, should be sufficient to make the corporation "present" in the state.

Motion to quash service is denied.