**A. G. BLISS CO.**

v.

**UNITED CARR FASTENER CO. OF CANADA, LIMITED.**

Civ. A. No. 53–270–F.

United States District Court
D. Massachusetts.

Nov. 18, 1953.

**292**

Philip B. Goldberg, Providence, R. I., for plaintiff.

Robert W. Meserve, Nutter McClennen & Fish, Boston, Mass., for defendant.

FORD, District Judge.

This is an action for breach of an alleged contract whereby plaintiff licensed defendant to produce certain buckles under Canadian Patent No. 466,439, owned by plaintiff. Plaintiff is a Rhode Island corporation and defendant a Canadian corporation alleged in the complaint to be doing business in Massachusetts. Service on defendant was made by serving the Massachusetts Commissioner of Corporations under Mass.G.L. Ch. 181, § 3A. Defendant moves to quash service and to dismiss the action.

The parties are agreed that the alleged contract was made, if made at all, and the negotiations leading to it took place entirely outside Massachusetts. Plaintiff appears to concede that the service already made is ineffective and is properly to be quashed, since Ch. 181, § 3A, under which it was made, authorizes service on the Commissioner of Corporations only in causes of action arising out of business done in Massachusetts. However, since the treasurer and two other directors are residents of Massachusetts, the possibility of valid service on defendant within Massachusetts remains open.

Defendant, however, contends that the action should in any event be dismissed for lack of jurisdiction, since defendant is not doing business within the Commonwealth of Massachusetts and is not subject to the jurisdiction of the courts here.

The facts relating to the issue of whether defendant is doing business here are contained in affidavits filed by the parties and particularly in the oral deposition of Robert M. Healey, general manager of defendant.

Defendant is a Canadian corporation with its office and principal place of business in Hamilton, Ontario. It carries on manufacturing at two factories in Ontario, at Hamilton and Oakville, and maintains sales offices in Toronto and Montreal. It is a wholly-owned subsidiary of United-Carr Fastener Corporation (hereinafter called the parent corporation), a Massachusetts corporation with a principal place of business in Cambridge, Massachusetts. Both corporations make a generally similar line of products.

Defendant has never qualified to do business in Massachusetts, and maintains no office or place of business here. While there seems to have been some reference in letters or conversations to an Agreement Department of defendant in Cambridge, it appears that in fact the department in question was one maintained by the parent corporation to handle matters involving patent agreements, and that while its services were available to defendant as a subsidiary corporation, they

were actually utilized by it only two or three times in the past ten years. One of these occasions was in connection with the negotiations between plaintiff and defendant which gave rise to this action. In each case where defendant used the services of this department it was billed for the use of them by the parent corporation, and paid for them.

Defendant has no employees in Massachusetts and pays no salaries to anyone in Massachusetts. Three of the five directors are residents of Massachusetts, serving with no compensation. They are also officers of the parent corporation. While it is stated in one of the affidavits filed by plaintiff that Healey once said directors' meetings were held in Massachusetts, his statement under oath in his deposition is that directors' meetings were always held in Canada. The records of defendant are kept in Canada, although duplicate copies of the minute book of the directors' meetings and of some other records are kept in the office of the parent corporation in Cambridge. There is nothing to indicate that the three Massachusetts directors ever carried on any activity on behalf of defendant while they were in Massachusetts.

The two remaining directors, Healey, and Beddoe, defendant's president, are Canadians. They actually run the affairs of the defendant from its main office in Hamilton. They visit Cambridge only two or three times a year to discuss technical production developments.

About ten per cent of defendant's purchases of materials in recent years have been made in Massachusetts, some from the parent corporation and some from other suppliers. In all cases these supplies or materials were ordered by letter from Canada for delivery to defendant's plants in Canada.

Defendant in recent years has solicited no business in Massachusetts.[1] It has made only one sale in Massachusetts in the past three years. That sale was of some $38,000 worth of component parts needed in an emergency by the parent corporation, and was initiated by the parent corporation.

The parent corporation does not receive mail for defendant, nor does it take orders for defendant. Defendant sometimes received orders from its own customers which it was unable to fill, but which the parent corporation might be able to supply. In such cases, it forwarded the order to the parent corporation, notifying the customer, and thereafter the transaction was handled as one between the parent corporation and the customer, defendant taking no further part in it, and receiving no compensation in connection with it. Similarly when the parent corporation was unable to supply items ordered by one of its customers and believed defendant might do so, it suggested that its customer might order from defendant.

Defendant maintains a substantial bank account in a Boston bank. Checks were drawn on this account to pay for supplies purchased in the United States and checks received in payment for sales to United States customers were deposited in the account. Defendant thus was able to avoid the inconvenience of having to convert funds from United States to Canadian money or vice versa on each transaction. All checks on this account were drawn in Canada and signed by Canadian officers of defendant. There were officers resident in Massachusetts who had authority to sign checks, but they never in fact did so.

The essential question is whether on these facts defendant can be said to be doing business in Massachusetts. Certainly no individual fact which can be found to exist here justifies the conclusion that defendant is doing business here. The fact that it is a wholly-owned subsidiary of a Massachusetts corporation is not enough. Bowles v. American

---

[1]. Cf. London's Incorporated v. Mack Shirt Corporation, 1953, 114 F.Supp. 883, where this court, discussing recent Massachusetts cases, held solicitation of business in Massachusetts subjected a corporation to suit in Massachusetts with respect to business growing out of that solicitation.

Distilling Co., D.C., 62 F.Supp. 15. There is, of course, no evidence here that the parent corporation is in any way acting as agent of the defendant within Massachusetts. The fact that some of defendant's officers are Massachusetts residents in itself does not subject it to service of process here, nor does the mere fact that it maintains a bank deposit here constitute doing business in the state. Turner v. United Mineral Lands Corp., 308 Mass. 531, 33 N.E.2d 282. Purchases made in Massachusetts do not in themselves make defendant subject to service in Massachusetts. Rosenberg Bros. & Company, Inc., v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372. Neither would a single unsolicited sale have that effect, at least as to a cause of action entirely unconnected with that transaction.

Neither does the sum total of all these activities justify a holding that defendant was doing business here. They are largely unrelated and isolated contacts with Massachusetts, none of them in itself sufficient, and not forming as a whole a pattern of related activity which could be called doing business. Perhaps the situation most closely related to the present one is that presented in the Turner case, supra. In that case, several officers of the corporation resided in Massachusetts, the corporation still had small balances on deposit in two Massachusetts banks, directors of the corporation were here and discussed corporate affairs, some correspondence of the company was still kept here, and the corporation was still engaged in litigation in the Massachusetts courts. It was held that all these items even when taken together did not constitute doing business here.

Plaintiff relies on Trojan Engineering Corp. v. Green Mountain Power Corp., 293 Mass. 377, 200 N.E. 117. The essential factor in the Trojan case was that while all the physical operations of the corporation in question took place in Vermont, its dominant executive officers not only resided here but actually were acting here continuously for the corporation, carrying on here essential corporate functions. The company's operations were in fact controlled and directed from Boston. This was held to constitute a doing of business here by the corporation. The opposite situation is presented here. The directors resident in Massachusetts do nothing here for the defendant, whose activities are in fact controlled and directed in Canada by directors residing there.

Defendant's motions to quash service of summons and to dismiss are allowed.