BOSTON PACKAGING MACHINERY COMPANY, Incorporated,

v.

WOODMAN COMPANY, Incorporated.

Civ. A. No. 54463.

United States District Court
D. Massachusetts.

Nov. 10, 1954.

James C. Henes, Boston, Mass., for plaintiff.

Robert B. Luick, Alfred Thomas, Sullivan & Worcester, Boston, Mass., for defendant.

FORD, District Judge.

This is an action for an accounting of sums due to plaintiff from defendant under a contract granting defendant the exclusive right to manufacture and sell a "Saddle Labeler" machine developed by plaintiff. Service of process was made upon the Commissioner of Corporations for the Commonwealth of Massachusetts. Defendant moves to quash service of process and to dismiss the action.

The relevant facts appear from affidavits filed by both parties. Plaintiff is a Massachusetts corporation doing business in this state at Canton. Defendant is a Georgia corporation having its principal place of business in Georgia. Plaintiff alleges that defendant is also doing business in Massachusetts so as to be subject to service of process and to suit here.

Defendant does all its manufacturing of machinery in Georgia, where its office is also located, its books and records are kept, its stockholders and directors meet, and its officers reside and principally carry on their work. It has no office or place of business in Massachusetts, owns no property here and has no bank account here. It has never been licensed to do business here, has never designated the commissioner or anyone else as its agent for service of process, has never filed with the commissioner articles of organization, certificate of condition, or a designation of address to which an order of notice can be mailed. It has a salesman, who resides in New York, who solicits orders through New England and the Maritime Provinces. Massachusetts is thus part of his territory. Orders solicited by him are subject to acceptance or rejection by defendant in Georgia, and the salesman has no authority to bind defendant in any way.

Defendant sells machinery to customers in Massachusetts on the basis that it is to be installed by the purchaser. However, at the request of the purchaser, defendant will send one of its employees to supervise the installation. When a machine has to be adapted to a particular plant in which it is to be installed an employee of defendant comes to Massachusetts to inspect the premises, but the planning and making of the adaptations are performed outside Massachusetts.

Defendant has an employee named Young who resides in Massachusetts.

His work is confined to supervision of installations, minor servicing or repairs on machines sold by defendant and occasional inspection of such machines. He works throughout a large territory which includes Massachusetts. He maintains no office or place of business, has no subordinate employees, does no advertising, and maintains no stock of supplies or spare parts. He receives instructions direct from defendant's Georgia office, and is paid from that office. No charge is made by defendant to its customers for any services rendered by him. He has never worked on any saddle labeling machines such as those involved in the contract on which this action is based.

Preliminary negotiations for this contract were begun by Daniel Woodman, president of defendant, and Edward A. Govatsos, president of plaintiff, at meetings in Pennsylvania. Further negotiations were conducted by mail and telephone.

Woodman and other officials of defendant visited plaintiff's plant once to inspect an operating model of the machine. When agreement was finally reached the contract was executed by Govatsos in Massachusetts and then mailed to Georgia where it was signed by Woodman. It recites that it was made at Decatur, Georgia.

Later there was another agreement between the parties whereby plaintiff made ten of these saddle labelers at its Canton plant when defendant was not able to begin production as quickly as it had planned. Defendant financed this production and on its instructions plaintiff shipped the finished machines directly to defendant's customers. Nothing in the pleadings indicates that this later contract is in any way involved in the present action.

■ The pertinent statutory provisions governing service of process on foreign corporations by means of service on the Commissioner of Corporations are found in Massachusetts G.L.(Ter.Ed.) Ch. 181, §§ 3 and 3A. Since defendant has never appointed the commissioner as its attorney, § 3 has no application here. Under the provisions of § 3A the commissioner is deemed to be the agent of a foreign corporation for service of process only in relation to a cause of action or proceeding arising out of business done within the commonwealth. The present action is based on a contract between the parties granting defendant a license to manufacture and sell certain machines. The contract itself was not made here but in Georgia. It does not appear that any act of defendant performed under the contract was done in this state. Whether or not the activities of defendant's employees within the state in soliciting sales or installing or servicing machinery are sufficient to constitute doing business in Massachusetts, they had no connection with the licensing contract and the present action cannot be said in any way to arise out of them. Consequently, the service attempted in this action under § 3A is ineffective and should be quashed.

Massachusetts G.L.(Ter.Ed.) Ch. 223, § 38 provides that service on a foreign corporation engaged in or soliciting business in the commonwealth may be made in the manner provided for service on domestic corporations in the preceding § 37. It is doubtful if defendant here would come within the provisions of this section as they have been interpreted by the Massachusetts courts. Thurman v. Chicago, Milwaukee & St. Paul Ry. Co., 254 Mass. 569, 151 N.E. 63, 46 A.L.R. 563, held the statute inapplicable to a situation where the defendant was engaged solely in the solicitation of business here, and the cause of action had no connection with this solicitation. While recent decisions have limited the scope of the Thurman decision, no case goes so far as to overrule it as to the specific situation here present. This court has recently held in London's, Inc. v. Mack Shirt Corp., D.C., 114 F.Supp. 883, that mere solicitation of business was a sufficient basis for service of process where the cause of action alleged was one arising out of such solicitation. In the most recent Massachusetts decision on the point, Jet Manufacturing Co. Inc. v. San-

570

ford Ink Co., 330 Mass. 173, at page 176, 112 N.E.2d 252, at page 254, the court held that there was more than mere solicitation to serve as a basis for jurisdiction, and also said, " * * * we think that the judge must have found that the cause of action at least arose out of business solicited in this Commonwealth." No case goes beyond these to hold that solicitation of business plus some slight additional activity such as the incidental installation and minor servicing work done by defendant here, is sufficient to bring a foreign corporation within the provisions of § 38 as to a cause of action having no connection with its business, solicitation or other activities within the commonwealth.

 The transaction in which ten labeling machines were manufactured by plaintiff for defendant does not change the picture. In effect it was equivalent to a purchase by defendant of machines it needed to fill its order when it was not as yet in a position to make them itself as planned. Purchases made here do not subject defendant to service in Massachusetts. Rosenberg Bros. & Co., Inc. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372. In any case it can hardly be said that in entering into a single isolated transaction of an emergency nature defendant was thereby engaging in business in Massachusetts, at least when the present cause of action in no way arises out of that transaction.

In any event, it does not appear that service on defendant could be made by any of the methods provided in § 37. No officer of the defendant or other person on whom service could be made in accordance with that section is found here. Its only employee in Massachusetts is Young, a mechanic or repairman, who is certainly not an agent or officer in charge of its business and who is not otherwise authorized to accept service. Where no one can be found upon whom service can lawfully be made, § 37 provides for issuance of an order of notice to be served upon the Commis-

sioner of Corporations, who is directed to forward it to the defendant corporation. But defendant here has no place of business in Massachusetts, and has never designated any address to which such an order of notice can be mailed. The issuance of the order in these circumstances would be futile. Thus there appears to be no way in which effectual service can be made upon defendant, and the action should be dismissed. Nichols v. Cowles Magazines, Inc., D.C., 108 F.Supp. 883.

The motion to quash service of process and to dismiss the action is allowed.