Bruno ZUCCO

v.

The DOBECKMUN COMPANY and Ben-Mont Papers, Inc.

Civ. A. No. 57–145.

United States District Court
D. Massachusetts.

May 22, 1957.

Thomas L. Goggin, Springfield, Mass., for plaintiff.

Thomas F. Maher, Boston, Mass., for defendants.

ALDRICH, District Judge.

With regard to Dobeckmun's motion to dismiss for lack of jurisdiction,

I find that Dobeckmun has an active sales office in Boston which it has maintained for many years; that in addition to soliciting orders, one or more persons in this office, on authorization from the home office, investigate complaints, and possess at least a modicum of authority to settle matters of minor nature on their own initiative. I think it fair to assume that with six permanent salesmen, promotional work, held important in Wyshak v. Anaconda Copper Mining Co., 328 Mass. 219, 103 N.E.2d 230, is also carried on. In addition, Dobeckmun's engineers consult with a large Massachusetts manufacturer of package machinery with relation to adapting the machines it develops to use Dobeckmun's products. This company, admittedly, does promotional work for Dobeckmun. I have no question but that Dobeckmun is doing business within the state. Denis v. Perfect Parts, Inc., D.C.D.Mass., 142 F.Supp. 259; William I. Horlick Co. v. Bogue Electric Mfg. Co., D.C.D.Mass., 146 F.Supp. 347; London's, Inc., v. Mack Shirt Corp., D.C.D.Mass., 114 F.Supp. 883.

■ Dobeckmun points out that the particular statute here involved, Mass. G.L.(Ter.Ed.1932) Ch. 181, § 3A, requires that the cause of action arise out of business done within the state, and that plaintiff, who claims to have been injured by Dobeckmun's product, was not in privity of contract. No reason appears for construing "arising out of business" so narrowly. The injury is alleged to have taken place in Massachusetts. If liability can be found without privity of contract, then such proximate consequences of Dobeckmun's business here arise out of the business. Cf. W. H. Elliott & Sons Co. v. Nuodex Products Co., 1 Cir., 242 F.2d 116. It being clear that liability could be established without proof of contractual privity, Carter v. Yardley & Co., 319 Mass. 92, 64 N.E. 2d 693, 164 A.L.R. 559, whether, if the plaintiff ultimately fails to establish such liability, the case must then be dismissed for lack of jurisdiction rather than on the merits, is a question not now presented.

■ I fail to find any material or significant activity within the Commonwealth so far as the defendant Ben-Mont Papers, Inc. is concerned. The mere fact that it may be reached through Dobeckmun's Boston office, and may ship material on occasion into the Commonwealth, is insufficient to constitute doing business here. Nor does the bare fact that it is a subsidiary of Dobeckmun's alter the situation.

Defendant Dobeckmun's motion is denied. Defendant Ben-Mont Papers, Inc.'s motion is granted.