CITY OF LEOMINSTER, Plaintiff

v.

PITTSBURGH–DES MOINES STEEL COMPANY

and

Seaboard Surety Company, Defendants.

Civ. A. No. 62–2–C.

United States District Court
D. Massachusetts.

Jan. 18, 1962.

Joseph H. Elcock, Boston, Mass., for plaintiff.

Haussermann, Davison & Shattuck, Stuart Macmillan, Boston, Mass., for defendant.

CAFFREY, District Judge.

The plaintiff in this action, through a petition for declaratory judgment, is seeking a determination of the rights, duties, and obligations arising out of a contract which it had made with the defendant, Pittsburgh-Des Moines Steel Company (Pittsburgh), a Pennsylvania corporation, for the erection of a steel water-tower in Leominster, Massachusetts. The Seaboard Surety Company, a New York corporation, which was the bonding company for the work, was joined by plaintiff as a party-defendant.

The action, originally filed in the Superior Court of Suffolk County, Commonwealth of Massachusetts, was removed by the defendants to this Court on the ground of diversity of citizenship of the parties. The defendants have appeared specially to move to dismiss the complaint against them.

As one ground for dismissal it is contended that since Pittsburgh is not subject to service in the Commonwealth of Massachusetts, this Court lacks jurisdiction over it. As a basis for this contention it is argued that the business activities of Pittsburgh in Massachusetts are not such as to subject it to the jurisdiction of the Courts of this State. Both defendants also seek dismissal of the complaint on the ground that a petition for declaratory judgment is not an appropriate remedy here because performance of the contract has been completed and the plaintiff may bring an action at law for any alleged breach of the contract.

Mass.General Laws, c. 181, § 3, requires that the Commissioner of Corporations and Taxation be appointed as agent for service of process by every foreign corporation " * * * which is engaged therein, permanently or temporarily, and with or without a usual place of business therein, in the construction, erection, alteration or repair of a building * * * or structure of any kind." Section 3A of this chapter provides that any foreign corporation doing business in the Commonweath without complying with Section 3 shall be deemed to have appointed the Commissioner for service of process.

Since the claim involved here arises out of construction and erection work which Pittsburgh performed within the

**68**

Commonwealth, the service of process which was made upon the Commissioner of Corporations and Taxation, with subsequent notice to Pittsburgh, pursuant to Mass.G.L., c. 181, § 4, was sufficient to give the Courts of Massachusetts, and therefore this Court, jurisdiction over that foreign corporation. Coakley v. Frank A. Munsey Co., 50 F.Supp. 83 (D. Mass.1943); Zucco v. Dobeckmun Company, 152 F.Supp. 369 (D.Mass.1957); Radio Shack Corp. v. Lafayette Radio, 182 F.Supp. 717 (D.Mass.1960).

█ As to whether the plaintiff may use a petition for declaratory judgment as a remedy in this action, 28 U.S.C.A. § 2201 provides that "any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Rule 57, Federal Rules of Civil Procedure, 28 U.S.C.A., states, "The existence of another adequate remedy does not preclude a judgment for declaratory relief where it is appropriate." The question of whether a judgment for declaratory ruling is appropriate rests largely in the discretion of the Court. Larson v. General Motors Corp., 134 F.2d 450 (C.A.2, 1943); Moore's Federal Practice, Vol. 6, 57.08(3), pp. 3031, 3032.

█ It has been held that if the existence of a contract from which spring rights and obligations is in controversy, the Court has the power to declare what the legal relations of the parties are. New York Life Ins. Co. v. London, 15 F.Supp. 586, 590 (D.Mass.1936). Paragraph 10 of the plaintiff's petition, it should also be noted, alleges that Pittsburgh still has an obligation to perform under the terms of the contract. Under the circumstances of this case, declaratory judgment procedure is available as a remedy, particularly where the plaintiff alleges that it still has a contractual right based on an executory obligation. The fact that plaintiff may have another remedy which it could utilize does not preclude its use of the procedure chosen.

The motions to dismiss are denied.