**WALTHAM PRECISION INSTRUMENT COMPANY, Inc.**

v.

**McDONNELL AIRCRAFT CORPORATION.**

Civ. A. No. 61–1011.

United States District Court
D. Massachusetts.

March 14, 1962.

Sumner Z. Kaplan, Boston, Mass., for plaintiff.

James C. Heigham, Choate, Hall & Stewart, Boston, Mass., Will J. Bangs, Boston, Mass., specially, for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action based on an alleged breach by defendant of a written contract under which plaintiff was to manufacture certain clock mechanisms to be purchased

by defendant. Service was made on the Massachusetts commissioner of corporations under the provisions of Mass.G.L. Ch. 181 § 3A. Defendant moves to dismiss the complaint or in lieu thereof to quash the return of service.

Defendant is a Maryland corporation with its principal place of business in St. Louis, Missouri. It manufactures military aircraft, space vehicles and electronic equipment. Over 99 per cent of its sales are made to the United States Government. None of these sales were made or solicited in Massachusetts. Defendant has never been authorized to do business in Massachusetts and has never registered as a corporation doing business in Massachusetts. It has no office, warehouse or other facility and no telephone or bank account in Massachusetts.

At the present time defendant has one employee located in Massachusetts, who is assigned as Field Service Representative at Otis Air Force Base where desk space is furnished for him by the Air Force. He acts as a liaison between defendant and the Air Force on such matters as maintenance and pilot orientation in connection with the operation of aircraft manufactured by defendant and used by the Air Force.

Defendant operates in Missouri a data processing Automation Center which accounts for less than 1 per cent of its annual sales. In the past this center has done work for a Massachusetts corporation under contracts made in Missouri, all of the work being performed outside of Massachusetts.[1]

■ As to the transaction out of which the present action arises, defendant admits that it solicited bids for the clockwork mechanisms involved, that plaintiff submitted a bid, and that thereafter defendant entered into a written contract for the purchase of the mechanisms to be manufactured by plaintiff. Plaintiff in its argument and memoran-

dum states that the solicitation of the bids and the making of the contract took place in Massachusetts, that an agent of defendant was in Massachusetts to supervise and inspect work done under the contract and that other agents of the defendant came into Massachusetts to negotiate changes in the contract provisions. These factual assertions cannot be regarded as established in the absence of any affidavit in support of them.

■ The issue is whether defendant can be found to have been doing business in Massachusetts so as to be subject to the jurisdiction of this court and to service of process under Mass.G.L. Ch. 181 § 3A. This in turn involves two questions: first, whether Massachusetts has provided for bringing defendant into its courts in the circumstances of the present case, and second, whether if it does purport to exercise such jurisdiction, this would violate any clause of the federal constitution, Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, 194.

McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223, is relied upon by plaintiff to establish that assertion of jurisdiction by Massachusetts in the present case would be constitutionally permissible. In that case a Texas insurance company not otherwise doing business in California entered by mail into a reinsurance contract with a California resident. In an action on this policy, service of process was made by registered mail under a state statute specifically providing for such service in actions on insurance contracts between California residents and foreign insurance companies. It was held that there was sufficient contact with the state in this case so that assertion of jurisdiction by California did not violate the due process clause of the Fourteenth Amendment. But assuming that under the doctrine of the McGee case, there would be no federal constitu-

---

1. The presence of the representative at the air base and the data processing contracts are isolated transactions having no connection with the present action and afford no basis for jurisdiction here. Plaintiff admits that it does not seriously rely on them.

tional objection to assertion of jurisdiction by Massachusetts in this case, the question remains whether Massachusetts would assert jurisdiction. This is a question to be determined by Massachusetts law. Pulson v. American Rolling Mill Co., supra.

◼ The statutory provision under which service of process was made in this action, Mass.G.L. Ch. 181 § 3A, provides for service on a foreign corporation "which does business" in Massachusetts. The scope of the concept of doing business has been broadened in recent Massachusetts decisions so that it requires only solicitation of orders with some additional activity. Jet Manufacturing Co., Inc. v. Sanford Ink Company, 330 Mass. 173, 112 N.E.2d 252; Wyshak v. Anaconda Copper Mining Company, 328 Mass. 219, 103 N.E.2d 230. This court has interpreted the language of these cases as indicating that Massachusetts would now hold that solicitation of business alone would constitute doing business.[2] Radio Shack Corporation v. Lafayette Radio Electronics Corporation, D.C., 182 F. Supp. 717; London's, Inc. v. Mack Shirt Corp., D.C., 114 F.Supp. 883. Plaintiff argues that the solicitation of a bid by defendant is enough under these decisions to constitute doing business, particularly in the light of the McGee case, supra, and certain dicta in Massachusetts cases indicate an intention of the Massachusetts court to extend the scope of its jurisdiction to its full constitutional limits. Thurman v. Chicago, Milwaukee and St. Paul Railway Company, 254 Mass. 569, 151 N.E. 63, 46 A.L.R. 563.

◼ However, while the Massachusetts cases have not described in detail what is meant by solicitation, in every case where solicitation has been considered as a factor in doing business, it consisted in an effort of the foreign corporation to obtain customers for its goods and services. No case has been found where the Massachusetts court has indicated that a purchase made in Massachusetts or efforts looking toward a single purchase transaction by a foreign corporation have been held to constitute doing business. Where the question has arisen it has generally been held that purchasing by a foreign corporation, even though regularly carried on within a state, as incidental to its principal business outside the state, does not constitute doing business. Rosenberg Bros. & Company, Inc. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; A. G. Bliss Co. v. United Carr Fastener Co. of Canada, Limited, D.C., 116 F.Supp. 291, 294; 20 C.J.S. Corporations § 1920(7), p. 150; 17 Fletcher, Cyclopedia of Corporations, § 8485. The general tendency of courts to require less in the way of sales activity to bring a foreign corporation within the jurisdiction of a state has not been accompanied by any parallel lessening of requirements as to purchasing activities. In the absence of any indication that the Massachusetts courts would consider purchasing[3] within the state, taken alone, as a basis for jurisdiction, it cannot be found that the activities of defendant in this action, consisting of a single purchase order with incidental negotiation and inspection constituted doing business within the meaning of § 3A.

Defendant's motion to dismiss is allowed.

---

2. Mass.G.L. Ch. 223 § 38, not involved in this case provides an alternative method of service expressly applicable to foreign corporations soliciting business in Massachusetts.

3. In Hub Mail Advertising Service, Inc. v. Inter City Sales, Inc., 340 Mass. 8, 10, 162 N.E.2d 760, the court refers to buying by defendant, but only as one item in a complex of activities held as a whole to constitute doing business.