Angelo DeNUCCI, Anthony Valenti, Nunzio Camiolo and Alvin Braverman, Plaintiffs,

v.

Nat FLEISCHER, Nat Loubet and The Ring, Inc.

Civ. A. No. 62-367-F.

United States District Court D. Massachusetts.

Jan. 9, 1964.

James F. Sullivan, Edward M. Sulli-van, Jr., Boston, Mass., for plaintiffs.

John J. Cronin, Jr., Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action for libel, removed here from the Massachusetts court, in which defendant The Ring, Inc., publisher of the magazine, The Ring, in which the allegedly libelous article was published moves to set aside service of process and to dismiss the complaint for lack of jurisdiction. The sole issue is whether defendant is engaged in doing business in Massachusetts so as to be subject to the jurisdiction of the Massachusetts courts.

Defendant is a New York corporation with its principal office in New York City. It has no office or other place of business in Massachusetts, has no mail address or telephone listing here, has no bank accounts or other assets here and has no agents, solicitors, promotional staff, or employees of any kind in Massachusetts. It has not registered as doing business in Massachusetts.

Defendant's magazine is printed outside Massachusetts. About 100 copies are mailed to subscribers in Massachusetts, who send their subscriptions by mail directly to defendant's New York office. Except for sales to such regular subscribers, all other copies of the magazine entering Massachusetts do so under a system in which all issues of the magazine are sold by defendant to an independent distributor and resold by it in turn to wholesale and retail outlets. Copies of the magazine contain order blanks and information for subscription to the magazine or for the purchase of other publications of defendant. On at least one occasion the editor of the magazine has appeared personally in Massachusetts to present to a local boxer a prize awarded by the magazine.

The only possible substantial basis for asserting Massachusetts jurisdiction over defendant is the fact that copies of its magazine are sold in Massachusetts. The question is whether Massachusetts would interpret its statute here relied upon by plaintiffs, Mass.G.L. Ch. 223, § 38, as applicable to the activities of defendant here. No Massachusetts case appears to have passed on the question. However, the great weight of authority in other jurisdictions holds that a publisher is not doing business within a state so as to be subject to service of process and suit therein merely because its magazine or newspaper circulates therein either through sales by independent newsdealers or by mailings from out of state to subscribers. Insull v. New York World-Telegram Corporation, D.C., 172 F.Supp. 615, 625–627, and the numerous cases cited.

The claimed solicitation of business in Massachusetts, confined to the pages of defendant's own publication, is merely incidental to the circulation of the magazine itself. In the absence of any active solicitation through agents or otherwise, the claimed solicitation seems too insubstantial to afford a basis for jurisdiction. Venus Wheat Wafers, Inc. v. Venus Foods, Inc., D.C., 174 F.Supp. 633. Furthermore, the present action in no way arises out of any alleged business activities of defendant in this state. Boston Packaging Machinery Co. v. Woodman Co., D.C., 125 F.Supp. 567.

The motion of defendant The Ring, Inc. to set aside service of process and dismiss the complaint is allowed.