JAMES THURMAN vs. THE CHICAGO, MILWAUKEE AND
ST. PAUL RAILWAY COMPANY.

Suffolk. October 21, 22, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Corporation*, Foreign: service of process. *Practice, Civil*, Service of
 process. *Constitutional Law*, Interstate commerce, Due process of law.

Mere solicitation by a foreign corporation in this Commonwealth of busi-
 ness in interstate commerce outside this Commonwealth, does not
 constitute such doing of business here as in itself warrants the inference
 of liability to service of process.
A foreign railroad corporation, which is engaged in interstate commerce
 wholly outside this Commonwealth, which does not own, operate nor
 control any railroad within this Commonwealth and has never done
 any business within this Commonwealth except to maintain an office
 in Boston solely for the solicitation of interstate freight and passenger
 traffic to be transported over its railroad without this Commonwealth,
 was named as a defendant in an action in the Superior Court based
 upon a cause which related to the carriage of goods in interstate com-
 merce outside the Commonwealth under a contract of carriage not made,
 solicited, nor in any part performed in the Commonwealth. Purporting
 to act under G. L. c. 223, § 38, the plaintiff caused service of process to
 be made upon one who never had been an agent of the defendant for any
 purpose except that he occupied the solicitation office of the defendant
 in Boston and was engaged solely in the solicitation for the defendant
 of freight and passenger traffic for transportation in interstate commerce
 over its railroad exclusively outside the Commonwealth. The defend-
 ant had no other agent within the Commonwealth. The defendant
 filed an answer in abatement to which the plaintiff demurred. *Held*,
 that
   (1) The only kind of business done by the defendant in the Common-
 wealth, namely, solicitation of interstate business to be performed out-
 side the Commonwealth, did not subject it, apart from statute, to
 jurisdiction for service of process;
   (2) So far as the defendant did business within the Commonwealth,
 that business was exclusively interstate business with respect to which
 the Commonwealth could impose no conditions as prerequisite to its
 transaction;
   (3) If the statute in question were construed as intending to make
 the service of process above described effectual, it would be unconsti-
 tutional as violating the requirements of the Federal Constitution as
 to due process of law;
   (4) The statute must be construed as not intending to make the
 service above described effectual;

(5) The service above described did not make the defendant subject to the process of the court.

To assume jurisdiction over a person against his protest where no jurisdiction exists is denial of due process of law.

If a statute admits of two constructions, the effect of one being to render the statute unconstitutional and of the other to establish its validity, the courts will adopt the latter construction.

CONTRACT OR TORT for the loss of a carload of rags delivered by the plaintiff to the defendant in Minneapolis in the State of Minnesota for shipment to Chicago in the State of Illinois and later with the assent of the defendant, ordered to be delivered directly to Pencoyd Station in the State of Pennsylvania. Writ dated January 2, 1925.

The defendant filed an answer in abatement setting forth the ground described in the opinion. The plaintiff demurred to the answer. The demurrer was heard by *Sisk,* J., and was sustained; and, being of opinion that such ruling on the demurrer to the answer ought to be determined by this court before further proceedings in the action, he reported the action to this court for that purpose.

*A. M. Hillman,* for the plaintiff.

*W. L. Parsons,* for the defendant.

RUGG, C.J. This action is brought by a resident of Massachusetts against a defendant described in the writ as a corporation having a usual place of business in the city of Boston in our county of Suffolk. The return of the officer shows that service was made upon F. D. Dodge, "agent" of the defendant and "in charge of its business." The defendant filed an answer in abatement, to which the plaintiff demurred. The facts well pleaded in the plea must be accepted as true for the purpose of this decision. Those facts, so far as material, are that the defendant is a foreign railroad corporation engaged in interstate commerce wholly outside this Commonwealth and that it does not own, operate, or control any railroad within this Commonwealth, and that it has never done any business within this Commonwealth except that it maintains an office in the city of Boston solely for the solicitation of interstate freight and passenger traffic, to be transported over its railroad without this Commonwealth; that the person, upon whom service was made, was

not and never has been an agent of the defendant for any purpose except that he occupies the solicitation office of the defendant in Boston and is engaged solely in the solicitation for the defendant of freight and passenger traffic for transportation in interstate commerce over its railroad exclusively outside this Commonwealth, and that it has no other agent within the Commonwealth, and that the cause of action alleged in the plaintiff's writ and declaration relates to the carriage of goods in interstate commerce outside the Commonwealth and did not arise in this Commonwealth, and that the contract of carriage out of which it arose was not made, solicited, or in any part performed in this Commonwealth.

It is provided by G. L. c. 223, § 38, that "In an action against a foreign corporation . . . , which has a usual place of business in the Commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the Commonwealth, permanently or temporarily, service may be made" as was made in the case at bar.

It is contended under these circumstances that both under the statute and apart from the statute the attempted service on the defendant was not due process of law, and that to require the defendant to submit to this action would unreasonably obstruct and unduly burden interstate commerce contrary to rights guaranteed to it under the Constitution of the United States. These contentions depend for their soundness upon the interpretation of the Federal Constitution, as to which adjudications of the Supreme Court of the United States constitute the sole guide and final decision. But these contentions arise in litigation before this court and we must express our conclusions concerning them.

It was said in *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 379, 386: "The mere solicitation of business by a foreign corporation without more commonly has been held not to be the doing of business within a State."

When the validity of service of process upon a foreign corporation has depended upon a statute providing for service of process upon such corporations doing business within the State where the action is brought, or upon the doing of

business within such State of such nature and extent as, apart from statute, to give jurisdiction under general principles of constitutional law, it has been held that solicitation of business is not such doing of business. Mere solicitors of business are not regarded as agents of the corporation in the sense required for jurisdictional purposes. Decisions supporting these general propositions are numerous. *Green v. Chicago, Burlington & Quincy Railway,* 205 U. S. 530, 533. *International Harvester Co. of America v. Kentucky,* 234 U. S. 579, 586, 587. *Minnesota Commercial Men's Association v. Benn,* 261 U. S. 140, 145. *W. S. Tyler Co. v. Ludlow-Saylor Wire Co.* 236 U. S. 723. *Atchison, Topeka & Santa Fe Railway v. Wells,* 265 U. S. 101. *Davis v. Farmers Co-operative Equity Co.* 262 U. S. 312. Decisions of State courts are to the same effect. *Berger v. Pennsylvania Railroad,* 27 R. I. 583. *Booz v. Texas & Pacific Railway,* 250 Ill. 376, 381. *Arrow Lumber & Shingle Co. v. Union Pacific Railroad,* 53 Wash. 629. *Banks Grocery Co. v. Kelley-Clarke Co.* 146 Tenn. 579. *Gamble-Robinson Co. v. Pennsylvania Railroad,* 157 Minn. 306. *Vicksburg, Shreveport & Pacific Railway v. DeBow,* 148 Ga. 738. *Saxony Mills v. Wagner,* 94 Miss. 233.

Respecting the question, when a foreign corporation is doing business within a jurisdiction other than that of its domicil, it was said in *People's Tobacco Co. Ltd. v. American Tobacco Co.* 246 U. S. 79, at page 87: "The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the State or district where service is attempted." The same statement in substance occurs in *St. Louis Southwestern Railway Co. of Texas v. Alexander,* 227 U. S. 218, 227.

It seems clear to us that, in the absence of any statute, the acts of the defendant within this Commonwealth were not of such nature as to render it subject to the jurisdiction of our courts by service of process such as is shown by this record. That conclusion rests upon binding decisions of the Federal Supreme Court, to the effect that simple solicitation of business by a foreign corporation does not constitute such

doing of business as to warrant the inference of liability to service of process.

The defendant, being engaged exclusively in interstate commerce, so far as concerns its solicitation of business in this Commonwealth had a right to come here for that solicitation without let or hindrance from this Commonwealth. "A corporation of one State may go into another, without obtaining the leave or license of the latter, for all the legitimate purposes of such commerce; and any statute of the latter State which obstructs or lays a burden on the exercise of this privilege is void under the commerce clause." *Dahnke-Walker Milling Co.* v. *Bondurant,* 257 U. S. 282, 291. *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197, 203. *McCall* v. *California,* 136 U. S. 104. *International Text Book Co.* v. *Tone,* 220 N. Y. 313. Manifestly the defendant could not be made subject to any license, excise or tax for the solicitation of business done by it within this Commonwealth. *Real Silk Hosiery Mills* v. *Portland,* 268 U. S. 325, 335. *Alpha Portland Cement Co.* v. *Massachusetts,* 268 U. S. 203. *Lemke* v. *Farmers Grain Co.* 258 U. S. 50, 59. A foreign corporation may be doing business within a State to such an extent as to be liable to service of process and thus subject to its jurisdiction, and yet not liable to taxation or other undue burdens upon interstate commerce. The distinction between presence of a foreign corporation for service of process because doing business even exclusively interstate in nature, and its absence for purposes of taxation although doing such business, is well established. *International Harvester Co. of America* v. *Kentucky,* 234 U. S. 579, 586, 587. *Real Silk Hosiery Mills* v. *Portland,* 268 U. S. 325, 335. *Shafer* v. *Farmers Grain Co.* 268 U. S. 189, 199. *Tauza* v. *Susquehanna Coal Co.* 220 N. Y. 259. See *St. Louis, Brownsville & Mexico Railway* v. *Taylor,* 266 U. S. 200, 207. That distinction is of no consequence in the case at bar because the defendant is not engaged in business within this Commonwealth in such sense that under general principles of law apart from statute it could be made subject to our jurisdiction by service of process.

We approach the construction of our statute in the light

of these two propositions established by decisions of the United States Supreme Court: (1) the kind of business here done, namely, solicitation of interstate business, does not subject it apart from statute to jurisdiction for service of process; (2) the defendant, so far as doing any business within the Commonwealth, does exclusively interstate business with respect to which this Commonwealth can impose no conditions as prerequisite to its transaction. It is plain that, if this statute is given a broad interpretation, or is interpreted apart from constitutional limitations, according to the common and approved usages of the language, it covers the case at bar and validates the service of process. The defendant corporation confessedly "is . . . soliciting business in the Commonwealth, permanently or temporarily . . . ." It seems equally plain that if so construed it would violate principles established by binding decisions already cited. The facts do not warrant the conclusion that the defendant was doing business here of a nature and amount to justify an inference under general principles of law that it was doing business here in such sense as to be subject to our jurisdiction for service of process. The business done here was of such character that this Commonwealth could impose no conditions precedent to its transaction. It seems to follow inevitably from these basic considerations that this Commonwealth cannot by statute impose on the defendant an obligation to submit itself to the jurisdiction of our courts. We are unable to perceive how the Commonwealth by enacting a statute can transmute that thing into the doing of business for the purpose of acquiring jurisdiction by the service of process which the general law of the country under the Constitution of the United States has declared is not the doing of business for that purpose. To assume jurisdiction over a person against his protest where no jurisdiction exists is denial of due process of law. *Pawloski* v. *Hess*, 250 Mass. 22, 29, and cases there cited. *Baker* v. *Baker, Eccles & Co.* 242 U. S. 394, 403. While this Commonwealth may enact statutes for permissible State purposes, even though thereby interstate commerce may be incidentally and remotely affected, it may not enact a

statute which by its necessary operation directly interferes with or burdens such commerce. *Shafer* v. *Farmers Grain Co.* 268 U. S. 189 at page 199. *Commonwealth* v. *Peoples Express Co.* 201 Mass. 564, 577, 578.

It was said in *Davis* v. *Farmers Co-operative Equity Co.* 262 U. S. 312, 316, where a statute authorizing an action, arising out of interstate commerce, by a nonresident plaintiff against a nonresident corporation, for a cause occurring in a foreign jurisdiction, was stricken down as in violation of the interstate commerce clause of the Constitution of the United States: "It may be that a statute like that here assailed would be valid although applied to suits in which the cause of action arose elsewhere, if the transaction out of which it arose had been entered upon within the State, or if the plaintiff was, when it arose, a resident of the State. These questions are not before us; and we express no opinion upon them." That statement does not seem to us to stretch far enough to include the case at bar.

It may be that solicitation of business in the light of the statute may be enough upon which to found an action growing out of business resting on that solicitation; but that is not the question here presented and need not be decided. We do not undertake further to delimit the force and effect of G. L. c. 223, § 38. We do not declare it invalid. It is possible that all its words may be given effect as applied to other states of facts. It is left for full force as to all subjects which it may constitutionally govern. *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239. *Commonwealth* v. *O'Neil,* 233 Mass. 535. *Manchester* v. *Popkin,* 237 Mass. 434, 439. It certainly may govern the method of service of process in all cases where the solicitation or other transactions amount to a doing of business. *International Harvester Co. of America* v. *Kentucky,* 234 U. S. 579. *Tauza* v. *Susquehanna Coal Co.* 220 N. Y. 259. A statute may be constitutional in its operation with respect to some persons or states of fact and unconstitutional as to others. *Sears* v. *Board of Aldermen of Boston,* 173 Mass. 71, 79, 80. The extent of the present decision is to hold that no sufficient service was made to acquire jurisdiction over the defendant

and that said § 38 cannot be given effect to confer such juris-
diction.   We hold that that section goes as far toward that
end as is permissible, *Gillard's Case,* 244 Mass. 47, 51, 52,
but is prevented from reaching it by the Constitution of
the United States as interpreted by decisions of the United
States Supreme Court as we understand them.   For that
reason that section is interpreted as not intended by its
words to reach to a state of facts such as here disclosed.
The fundamental rule is followed to the effect that if a "stat-
ute admits of two constructions, the effect of one being to
render the statute unconstitutional and of the other to
establish its validity, the courts will adopt the latter."
*Arkansas Natural Gas Co.* v. *Arkansas Railroad Commission,*
261 U. S. 379, 383.   *Lawton Spinning Co.* v. *Commonwealth,*
232 Mass. 28.

> *Order sustaining demurrer to plea reversed.*
> *Demurrer to be overruled.*