JET MANUFACTURING CO., INC. *vs.* SANFORD INK COMPANY.

Suffolk.    April 8, 1953. — April 29, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Jurisdiction,* Foreign corporation.    *Corporation,* Foreign corporation.

An Illinois corporation, which, although having no usual place of business, office, property, telephone or listing in Massachusetts, advertised for business here, held annual sales conventions here, employed a permanent sales representative residing here and having the duties of soliciting business, fostering good business relations and investigating

complaints of customers, and sold its products to many customers throughout Massachusetts upon orders filled directly from Illinois, was subject to the jurisdiction of a Massachusetts court in an action as "soliciting business" here within G. L. (Ter. Ed.) c. 223, § 38, as amended by St. 1939, c. 451, § 61.

CONTRACT OR TORT. Writ in the Superior Court dated April 17, 1952.

The defendant appeared specially and filed a plea in abatement which was overruled after hearing by *Brogna, J.*

*Stanley S. Ganz, (James A. Doyle* with him,) for the defendant.

*Russell J. Coffin,* for the plaintiff, submitted a brief.

WILKINS, J. This action is in contract or tort for breach of warranty in the sale of ink or for negligence in its manufacture or distribution. The writ describes the defendant as an Illinois corporation "engaged in soliciting business in the Commonwealth, with a place of business in Waltham." The sheriff's return shows service in hand upon "Ralph Gerard, its Agent in charge of its business." A plea in abatement attacking jurisdiction was overruled by the judge, who has reported the correctness of this ruling. G. L. (Ter. Ed.) c. 231, § 111.

The judge made these findings. The defendant is an Illinois corporation having a usual place of business there and one in New York, but none here. Through an advertising agency "doing business and located outside of Massachusetts," the defendant advertised in our local papers soliciting business here. In recent years, to encourage and promote the sale of its products here, it has held an annual sales convention in Boston attended by its president and several sales managers. For the past four years it has employed a permanent sales representative who resides here and whose duty is to solicit business here, and to do only those things which are incidental to selling and fostering good business relations between the trade and the defendant. He has authority to investigate complaints of customers but not to bind the defendant in the settlement of disputes. The defendant sells its products to about 225 customers

"covering practically the entire Commonwealth." It has no office, property, telephone, or listing in Massachusetts. All orders taken here are sent to, and filled directly from, Illinois.

The judge concluded with the statement that "I find that at the time that process in this action was served the defendant was soliciting business in this Commonwealth within the meaning of" G. L. (Ter. Ed.) c. 223, § 38, as amended by St. 1939, c. 451, § 61, which reads: "In an action against a foreign corporation . . . which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made" as upon a domestic corporation.

It is possible that the judge found other facts not contained in his findings. In particular, it is not stated that the concluding finding that the defendant was soliciting business within the meaning of § 38 was an inference from other findings. The plaintiff, accordingly, contends that the only question is whether the specific facts are necessarily inconsistent with the general conclusion, and cites *Cleveland* v. *Hampden Savings Bank*, 182 Mass. 110, 111, and *Rosemont* v. *Equitable Life Assurance Society*, 301 Mass. 139, 141. Since the result will be the same, however, we shall treat the so called finding as to solicitation within the meaning of § 38 as a conclusion based on the other express findings.

The defendant's activities are within the letter of § 38. But in *Thurman* v. *Chicago, Milwaukee & St. Paul Railway*, 254 Mass. 569, that statute was interpreted, on constitutional grounds, not to apply to a foreign railroad corporation which maintained an office in Boston solely for the solicitation of business for transportation in interstate commerce wholly outside this Commonwealth, when the cause of action, although belonging to a resident of Massachusetts, did not arise in this Commonwealth, and the contract of carriage out of which it arose was not made, solicited or in any part performed here. As we have recently had occasion

to point out in *Wyshak* v. *Anaconda Copper Mining Co.* 328 Mass. 219, 223, a case arising under a similar statute,[1] the constitutional fears of this court in the *Thurman* case have not been borne out, and we cited *International Shoe Co.* v. *Washington*, 326 U. S. 310, to which may now be added *Perkins* v. *Benguet Consolidated Mining Co.* 342 U. S. 437.

The plaintiff is described in the declaration as a distributor of ink and in the writ as "of said Boston." While it is not expressly found where the transaction leading to the present cause of action arose or whether there was a contract or sale solicited or in part performed in this Commonwealth, we think that the judge must have found that the cause of action at least arose out of business solicited in this Commonwealth.

On the facts of this case we are of opinion that the defendant was properly found to be within the effective scope of § 38. There was a regular and systematic effort to acquire business by solicitation which was successful practically throughout the Commonwealth and which led to the acquisition of a substantial number of customers. Here again there was more than mere solicitation. There was the investigation of complaints by a permanent representative resident in the Commonwealth, who was empowered to do whatever was incidental to selling and fostering good relations with the trade. We are unable to see where the functions of this representative were substantially different from the handling of complaints and the "promotional work" which were present in the *Wyshak* case. That it is not necessary to maintain an office in order to become subject to the jurisdiction of this Commonwealth is manifest from the language of § 38.

*Order overruling plea in abatement affirmed.*

---

[1] G. L. (Ter. Ed.) c. 246, § 1, as appearing in St. 1938, c. 303, § 1, as amended by St. 1943, c. 17, § 1.