**RADIO SHACK CORPORATION**

v.

**LAFAYETTE RADIO ELECTRONICS CORPORATION**

and

Lafayette Radio Corporation of Massachusetts.

Civ. A. No. 60–70.

United States District Court
D. Massachusetts.

March 31, 1960.

David Wolf, Boston, Mass., for plaintiff.

Stuart MacMillan, William A. King, Haussermann, Davison & Shattuck, Boston, Mass., for defendants.

WYZANSKI, District Judge.

This case is before the Court on the motion of defendant Lafayette Radio Electronics Corporation to dismiss the complaint. The grounds asserted are that defendant is a New York corporation not subject to service within this District, and that defendant has not been properly served.

The complaint purports to state a cause of unfair competition within this Court's diversity jurisdiction under 28 U.S.C. § 1332 and a cause of action under the Trademark Act of 1946 within this Court's trademark jurisdiction under 15 U.S.C.A. § 1121. From the complaint it may fairly be inferred that a substantial part of the alleged wrongful conduct of

defendant occurred in Massachusetts and affected plaintiff's business in Massachusetts.

The complaint was served upon one Seifert and also upon the Massachusetts Commissioner of Corporations and Taxation. Seifert was not an officer or employee of defendant but he was the general manager of defendant Lafayette Radio Corporation of Massachusetts, a Massachusetts corporation to which reference will be made hereafter.

Defendant contends that both attempts to serve it were futile in each instance because the foreign corporation was not subject to service and because the individual served was not a proper person to be served.

Defendant New York corporation was organized in 1931. It has been known successively as Wholesale Radio Service Co., Inc., Radio Wire Television Co. of N. Y., Lafayette Radio Corporation, and Lafayette Radio Electronics Corp. It manufactures and distributes electronic products, including radios, televisions, and electronic devices in the field of high fidelity sound reproduction. It has places of business in New York, but not in Massachusetts. Here it has no employees or bank accounts.

The aforesaid New York corporation since October 1959 has owned all the shares of a Massachusetts corporation, the defendant Lafayette Radio Corporation of Massachusetts, having a place of business at 110 Federal St., Boston. At this Federal Street location the Massachusetts corporation sells electronic products, many but not all of which it buys from defendant New York corporation.

Defendant New York corporation sells to defendant Massachusetts corporation in large quantities catalogs, like Exhibit 1, and flyers, like Exhibit 3.

The catalog has upon its cover the legend "Lafayette Electronics", and underneath "Lafayette Radio New Mail Order And Sales Center in New York City 165–08 Liberty Avenue, Jamaica 33, New York * * * Other locations Boston 10, Mass., 110 Federal Street, Hubbard

2–7850 * * *." Within the catalog there is a detachable combined "Order Blank" and "Retail Installment Contract." This inserted form bears as the name of its addressee "Lafayette Radio Corporation * * * 165–08 Liberty Avenue, Jamaica 33, New York." The form does not refer to any Boston address.

The flyer has on its first page the legend "Lafayette Radio" and the locations of both the New York corporation and the Massachusetts corporation. Inserted in the flyer is a combined "Order Blank" and "Retail Installment Contract" substantially like the insert in the catalogs in the form of Ex. 1.

The New York corporation distributes large numbers of these catalogs and flyers over the counter and through the mails from New York to various points including points in Massachusetts. The Massachusetts corporation distributes large numbers of these catalogs and flyers over the counter in Massachusetts and through the mails from Massachusetts to various points including points in Massachusetts.

Each year the New York corporation receives over 100,000 orders on inserts such as those in the catalogs and flyers. Approximately 1% of these orders come from Massachusetts. From the records of the New York corporation it cannot be determined whether these Massachusetts orders are a consequence of the distribution of catalogs and flyers from the counters of the New York corporation, from mailings of the New York corporation, from the counters of the Massachusetts corporation, from mailings from the Massachusetts corporation, from other sources. But this Court finds that it is a correct inference that a substantial number of the orders received in New York are the consequence of distributions made in Massachusetts by the Massachusetts corporation.

Seifert is the general manager of the business of the Massachusetts corporation at 110 Federal St., Boston. There is not resident in Massachusetts any supervisory authority of higher author-

ity in the hierarchy of the Massachusetts corporation. Seifert has such managerial authority as the Massachusetts corporation can confer upon an employee.

■ From the foregoing facts this Court finds as facts that the New York corporation did solicit business within this Commonwealth and also did business here.

■ Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that service of process on a foreign corporation is valid if made in the manner prescribed by the law of the state in which service is made. Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, 194.

■ With respect to a foreign corporation which continuously solicits business in its commonwealth Massachusetts has the constitutional power to provide for service at least with respect to causes of action arising out of that solicitation. International Shoe Co. v. State of Washington, 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95. And G.L. c. 223, § 38 expressly provides that in an action against a foreign corporation "soliciting business in the commonwealth, permanently or temporarily" service may be made as upon a domestic corporation. Jet Mfg. Co. v. Sanford Ink Co., 330 Mass. 173, 112 N.E.2d 252; Wyshak v. Anaconda Copper Mining Co., 328 Mass. 219, 103 N.E.2d 230. In Wyshak, Wilkins, J., said in 328 Mass. at page 223, 103 N.E.2d at page 232, "We perceive no reason why mere solicitation should be * * * insufficient under the statute providing for service upon foreign corporations."

■ Service upon a domestic corporation may be made upon its agent in charge of its business. G.L. c. 223 § 37. In the case at bar the New York corporation's agent for soliciting by catalog and by flyer business in Massachusetts was the Massachusetts corporation. Schmikler v. Petersime Incubator Co., D.C.Mass., 77 F.Supp. 11. And Seifert, the general manager of that Massachusetts corporation and hence the individual in charge of the New York corpora-

tion's solicitation in Massachusetts, was a proper person to serve. Scholnik v. National Airlines, 6 Cir., 219 F.2d 115, 120. Therefore plaintiff correctly followed one of the statutory ways to serve defendant.

Plaintiff also sought to follow another way which Massachusetts statutes provide.

G.L. c. 181 § 3 requires that every foreign corporation which does business in this Commonwealth shall appoint as its attorney for the service of process the commissioner of corporations and taxation. G.L. c. 181 § 3A provides that any such corporation which does business in the Commonwealth without complying with the provisions of section 3 shall be deemed, in relation to any cause of action arising out of such business to have appointed the commissioner as its attorney for the service of process.

■ The language of this section is sufficiently broad to cover the case at bar. For, as the findings indicate, the New York corporation did a large volume of business in this Commonwealth by using a subsidiary to solicit mail order business for the New York corporation from Massachusetts customers who received catalogs and flyers at the subsidiary's place of business; and this cause of action arises in part out of that business. To be sure, the business was interstate commerce. And at a time when it was thought that such business could not constitutionally furnish a basis for local jurisdiction the Massachusetts statute was interpreted as not going as far as a literal reading would indicate. Thurman v. Chicago, M. & St. P. Ry., 254 Mass. 569, 151 N.E. 63, 46 A.L.R. 563. Even after it became clear that there was no constitutional obstacle to giving the Massachusetts statute a reading as broad as its letter, the federal courts, in the absence of a green light from the state courts, hesitated to depart from the Thurman case. Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193. But it seems that the state court has now given a green light. In Remington Arms Inc. v. Lechmere Tire and Sales Co.,

Mass., 158 N.E.2d 134, Chief Justice Wilkins, while stating that the Massachusetts courts would not re-examine constructions that court had heretofore placed on §§ 3, 5, and 12 of c. 181, showed a willingness to accept a party's concession that § 3A, the section governing service of process upon the commissioner, should now be interpreted in the light of Wyshak v. Anaconda Copper Mining Co., 328 Mass. 219, 103 N.E.2d 230. If I understand aright the opinion of Chief Justice Wilkins this means that today the Massachusetts court regards mere solicitation of business by a foreign corporation as an adequate basis for service of process under c. 181 § 3A in cases arising out of such solicitation. And if this construction be correct, then the service on the commissioner in the case at bar was appropriate and does confer jurisdiction over the New York corporation.

Motion denied.