*Southern District*

# EDMOND J. ST. LAURENT, ET AL
## v.
## CHRIS-CRAFT CORPORATION

*Present*: Nash, P. J., Kalus & Lee, JJ.

Case tried to *Cox, J.* in the District Court of Northern Norfolk. No. 47039.

*Lee, J.* This is an action of contract and tort in which the plaintiffs seek to recover for personal injuries and property damage against the defendant Chris-Craft Corporation, hereinafter referred to as the defendant, for breach of warranty on the part of the defendant based on the alleged sale by the defendant to the plaintiff Edmond J. St. Laurent, of a Chris-Craft Custom Cavalier which was in defective condition. The plaintiffs also seek to recover against the defendant for the alleged negligent manufacture of the said boat.

This action was commenced by writ dated the sixth day of February, 1962, and was returnable on March 12, 1962. The return

of service on the writ stated that it was served on J. Stowe, its clerk and agent and the officer in charge of its business.

The defendant filed an answer in abatement stating that the defendant had not and has not an usual place of business within the Commonwealth of Massachusetts; that it is not engaged in doing business in said Commonwealth; and that the defendant is a corporation organized under the laws of the State of Michigan and was not and is not subject to service of process within the Commonwealth of Massachusetts; and that the defendant has not been properly served with process in this action.

At the hearing on the answer in abatement there was evidence tending to show the following facts:

A certified affidavit, signed by Guy J. Rizzoto, Commissioner of Corporations and Taxation of the Commonwealth of Massachusetts, that the defendant has not filed with him any appointment of attorney for service of process or any of the papers described in M. G. L. c. 181, §§3 and 5, required by law of foreign corporations doing business in Massachusetts, and because of the lack of such filing such a corporation is not presently and has not at any time been registered or qualified to do business in this Commonwealth.

A certified affidavit by Kevin White, Secretary of the Commonwealth, that Guy J. Rizzoto is the Commissioner of Corporations

and Taxation for the Commonwealth of Massachusetts.

A photostat of the agreement by the defendant and Norwood Chris-Craft Sales which states that the dealer Norwood Chris-Craft Sales is not the agent of the defendant.

There was an affidavit dated the 21st of March, 1962, of Raymond F. Clevenger, Commissioner of the Michigan Corporation and Securities Commission, that the defendant was a Michigan corporation and had filed Articles of Association in that office on June 3, 1960, and is in good standing in that office and is duly authorized to transact business in Michigan.

A 1960 telephone directory for Boston, Massachusetts, was produced which showed a listing at page 154 for Chris-Craft Co. of 866 Providence Highway in Norwood, and on page 607 of that directory listings for Norwood Marine, Inc., and Norwood Chris-Craft Sales Division, Norwood Marine, Inc. All these listings carried the same address and telephone number.

A 1959 Boston, Massachusetts Telephone Directory was introduced which showed a listing for Chris-Craft Co., 866 Providence Highway on page 227. This listing was No. 7-2452. Separate listings for Norwood Chris-Craft Sales Norwood Division Norwood Marine, Inc., and Norwood Marine, Inc., both listed at 866 Providence Highway and each having two telephone numbers which

are No. 7-2452 and No. 7-2398. The latter listings are found on page 951.

The sales receipt of the purchase of the boat by the plaintiff Edmond J. St. Laurent from the Norwood Chris-Craft with a warranty on the back of the receipt, along with six other documents of purchase and sale.

The writ with its two returns also was introduced.

The Court overruled the defendant's answer in abatement and found that at the time process in this action was served the defendant was soliciting business in this Commonwealth within the meaning of G. L. (Ter. Ed.) c. 223, §38, as amended by St. 1939, c. 451, §61.

The defendant Chris-Craft Corporation filed a motion to evoke the order of the Court overruling its answer in abatement and further moved that the Court mark the defendant's answer in abatement for re-hearing and presented the following requests for rulings:

1. The evidence does not warrant a finding that the defendant Chris-Craft Corporation is engaged in business in the Commonwealth of Massachusetts within the purview of G. L. c. 223, §38.

2. The evidence does not warrant a finding that the defendant Chris-Craft Corporation is soliciting business in the Commonwealth of Massachusetts within the purview of G. L. c. 223, §38.

3. The evidence does not warrant a finding that the defendant Chris-Craft Corporation is en-

gaged in business in the Commonwealth of Massachusetts.

4. The evidence does not warrant a finding that the defendant Chris-Craft Corporation is soliciting business in the Commonwealth of Massachusetts.

5. The evidence does not warrant a finding that the defendant Chris-Craft Corporation is subject to process in the Commonwealth of Massachusetts.

6. The evidence does not warrant a finding that this Court has jurisdiction over the defendant Chris-Craft Corporation.

The Court denied all of the defendant's six requests for rulings and denied the defendant's motion to revoke the order overruling the defendant's answer in abatement.

This case is here on report of the defendant's claim that he was aggrieved by the denial of his six requests for rulings of law, and the denial of his motion to revoke the order overruling the defendant's answer in abatement, and to mark the defendant's answer in abatement for re-hearing.

There was a prior report filed in this case but it was waived in open court by the defendant. Its content in substance was the same matter set out in this report except for request for rulings.

There was no error.

A foreign corporation that accompanies solicitation of business in Massachusetts with any type of additional work such as promoting, servicing, investigating and the

like is subject to service of process in this State. This is known as the "solicitation plus" doctrine which has been held to give Massachusetts jurisdiction over foreign corporations and not to be in violation of the commerce clause of the United States Constitution by placing an undue burden upon interstate commerce. *Atlantic Nat. Bank v. Hupp Motor Car Corp.*, 298 Mass. 200; *Wyshak v. Anaconda Copper Mining Co.*, 328 Mass. 219; *Jet Manufacturing, Inc., v. Sanford Ink Co.*, 330 Mass. 173; *Radio Shack Corp. v. Lafayette Radio and Electronics Corp.*, (DC) 182 F. Supp. 717.

*There was evidence introduced* by the plaintiff of two telephone listings of the defendant, a receipt issued in Norwood, Massaand the actual sale of the motor boat in Norwood, Massachusetts.

*There was also evidence introduced* of certain provisions of the contract entered into between the defendant and the Norwood Chris-Craft Sales requiring the Norwood concern to do certain things in Massachusetts in regard to its products and the sale of same. The court in this instance was not solely limited to this evidence in determining whether the defendant was "doing business" within the state under G. L. (Ter. Ed.) c. 223, §38, although this may well have been enough to allow the plaintiff to properly sue the defendant under our decided cases, but it may also consider another pertinent piece of evidence introduced into the case.

 The writ was introduced into evidence wherein the sheriff reported in his return that personal service was made on one "J. Stowe, its clerk and agent and officer in charge of its business." The defendant introduced no evidence to refute this statement. In respect to a non-resident corporate defendant, the statements contained in the officer's return constitute *prima facie evidence.* It was incumbent upon the defendant to refute this statement and to overcome it by the introduction of affirmative evidence to the contrary. *Carleton v. Bickford,* 13 Gray 591, 596; *Atlantic Nat. Bank v. Hupp Motor Car Corp.,* 298 Mass. 200, 202. This it failed to do.

 There was sufficient evidence to support the ruling of the court that the defendant was "doing business" in the Commonwealth within the meaning of G. L. (Ter. Ed.) c.223, §38 and there was no error in the denial of the defendant's requests for rulings of law or in its refusal to mark the defendant's answer in abatement for re-hearing and the order should be *"Report Dismissed."*

John E. Herlihy; of Walpole, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendant.