Henry L. LOWD, Plaintiff,

v.

**CALIFORNIA FUND MANAGEMENT COMPANY, Defendant.**

**Civ. A. No. 64-378-C.**

United States District Court
D. Massachusetts.

Nov. 12, 1964.

Schneider & Reilly and Albert P. Zabin, Boston, Mass., for plaintiff.

John M. Harrington, Jr., and Jerome M. Leonard, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action of contract removed to this court from the Superior Court of Norfolk County. Plaintiff is a resident of Massachusetts. Defendant is a corporation organized under the laws of the State of California, with a principal place of business in Los Angeles, California. Service of process was made by delivery of a copy of the writ and summons to the Secretary of State of the Commonwealth of Massachusetts on March 26, 1964.

After removal of the case to this court defendant filed a motion to dismiss, based on alleged insufficiency of the service of process and lack of jurisdiction. Exhibits B and C to the motion to dismiss are certificates of the Secretary of State, to the effect that the defendant never appointed the Secretary its attorney for service of process and to the effect that defendant never qualified to do business in Massachusetts under Gen.Laws, ch. 181, secs. 3 and 5. Also filed in support of the motion is an affidavit of Myron D. Winkler, Executive Vice-President of defendant, the legal effect of which is to establish that defendant's contacts with the Commonwealth of Massachusetts consist solely of business done in carrying on interstate commerce.

The controversy between the parties arises out of the alleged breach by defendant of a contract of employment under the terms of which plaintiff was to serve as a wholesaler in promoting the sale of certain securities on behalf of defendant for a period of years in an area which included the six New England states.

The theory of defendant's motion to dismiss is that the substantially uncontroverted affidavit of defendant shows that it has at all material times been engaged solely in interstate commerce in Massachusetts, and that as a consequence of this the method of service of process utilized by plaintiff herein, namely, service pursuant to Mass.Gen. Laws, ch. 181, sec. 3A, is insufficient to confer jurisdiction. The defendant urges that the question before this court is not whether Massachusetts *could*, consistent with the United States Constitution, assert jurisdiction over this defendant, but on the contrary *whether*, as a question of Massachusetts law, *it has done so*.

Defendant argues that service on a foreign corporation under the provisions of ch. 181, sec. 3A, can properly be made only upon corporations required to qualify under ch. 181, sec. 3. In support of its argument defendant relies principally on the opinion of Chief Justice Wilkins in Remington Arms Co., Inc. v. Lechmere Tire & Sales Co., 339 Mass. 131, 158 N.E.2d 134 (1959). There the Court held that Sections 3, 5 and 12 of Chapter 181 do not apply to foreign corporations engaged solely in interstate commerce in the Commonwealth. Thus defendant argues that not being subject to Section 3 it may not properly be served pursuant to 3A. This latter contention is made as a matter of statutory construction and grammar since Section 3A opens with the words "any such corporation," obviously referring back to a corporation which comes within the compass of Section 3 of Chapter 181. Defendant suggests that "any such corporation" which comes within Section 3 may be served by following the procedure set out in Section 3A, but that corporations falling outside of Section 3 are not "any such corporation" for purposes of Section 3A and hence may not be served in compliance with the procedure described in 3A.

Plaintiff counters by citing Radio Shack Corp. v. Lafayette Radio Electronics Corp., 182 F.Supp. 717 (D.Mass. 1960), in which service on an agent of

a foreign corporation under Gen.Laws, Ch. 223, secs. 37 and 38, was held to be valid. There the Court said, at p. 719:

"In Remington Arms Inc. v. Lechmere Tire and Sales Co., Mass., 158 N.E.2d 134, Chief Justice Wilkins, while stating that the Massachusetts courts would not re-examine constructions that court had heretofore placed on §§ 3, 5, and 12 of c. 181, showed a willingness to accept a party's concession that § 3A, the section governing service of process upon the commissioner, should now be interpreted in the light of Wyshak v. Anaconda Copper Mining Co., 328 Mass. 219, 103 N.E.2d 230. If I understand aright the opinion of Chief Justice Wilkins this means that today the Massachusetts court regards mere solicitation of business by a foreign corporation as an adequate basis for service of process under c. 181 § 3A, in cases arising out of such solicitation. And if this construction be correct, then the service on the commissioner in the case at bar was appropriate and does confer jurisdiction over the New York corporation."

Counsel for defendant herein have cast additional light (not brought to the attention of the Court in the Radio Shack case) on the meaning of Chief Justice Wilkins' reference to the "concession" made by Remington Arms Company in the above-quoted case by quoting the following from page 32 of the brief for Remington filed in the Supreme Judicial Court:

"One thing should be made perfectly clear. Remington is by no means taking the position that it cannot be served with process here in the usual way. See G.L. c. 223, sec. 38. That issue is not in the case; but, if it were, it would not be disputed. What Remington *does* urge, however, is that the provisions of Chapter 181 are a different matter entirely. There, the words 'doing business' have a different meaning, different standards. Remington is

not doing business in Massachusetts within the meaning of that Chapter."

A consideration of the opinions in Wyshak v. Anaconda Copper Mining Co., 328 Mass. 219, 103 N.E.2d 230, and Jet Mfg. Co., Inc. v. Sanford Ink Company, 330 Mass. 173, 112 N.E.2d 252, together with the above quotation from the brief for Remington, establishes that Chief Justice Wilkins in the Remington case did not show a willingness to accept a party's concession that Section 3A of Chapter 181 should now be interpreted in the light of Wyshak. Wyshak dealt with service of process under the provisions of G.L. ch. 246, sec. 1, and Jet Mfg. Company dealt with service of process under G.L. ch. 223, sec. 38, and Remington in its brief clearly conceded that it could have been, but was not, served with process under the provisions of Ch. 223, sec. 38.

The Chief Justice in the Remington case makes it clear that Sections 3, 3A, 5 and 12 of Chapter 181 are interlocking sections, and that if a corporation engages in a quantum of activity in Massachusetts which is not sufficient to subject that corporation to the sanctions imposed by Section 5, that same quantum of activity is insufficient to require the corporation to register under Section 3 or to permit effective service on it pursuant to the provisions of Section 3A.

A comparison of the facts recited in Remington with the facts established by the affidavit in the instant case indicates that Remington conducted a far greater quantum of activity in Massachusetts than did the defendant herein. The instant case is an *a fortiori* one from Remington for a ruling that the defendant herein is not subject to the provisions of Chapter 181.

The language of Chief Justice Wilkins, 339 Mass. at page 137, 158 N.E.2d 134 of the Remington case clearly shows that the Supreme Judicial Court of the Commonwealth of Massachusetts is well aware that as a matter of federal constitutional law the legislature of the Commonwealth *could* enact a statute go-

ing beyond the present provisions of Chapter 181. Such a statute would call into play an as-yet-unexhausted power of the Commonwealth over corporations engaged exclusively in interstate commerce within the borders of the Commonwealth. The same language of the Chief Justice tells us that as yet the Massachusetts legislature *has not* done so.

Thus, defendant's motion must be allowed, not because Massachusetts constitutionally could not exert jurisdiction over a defendant situated as the defendant herein, but because the Supreme Judicial Court tells us that thus far the Massachusetts legislature has not elected to do so.

Judgment for defendant.