**ARO MANUFACTURING CO., Inc., and Aro Top Sales Company, Plaintiffs,**

v.

**CONVERTIBLE TOP REPLACEMENT COMPANY, General Motors Corporation, and Automobile Body Research Corporation, Defendants.**

Civ. A. No. 62-302.

United States District Court
D. Massachusetts.

March 11, 1965.

---

David Wolf, Charles Hieken, Wolf, Greenfield & Hieken, Boston, Mass., for plaintiffs.

Paul V. Power, Gaston, Snow, Motley & Holt, Boston, Mass., for defendant Convertible Top Replacement Co.

Edward B. Hanify, Ropes & Gray, Boston, Mass., for defendant General Motors Corporation.

Stephen A. Moore, Gaston, Snow, Motley & Holt, Boston, Mass., for defendant Automobile Body Research Corporation.

SWEENEY, Chief Judge.

There is before me the motion of the defendant Automobile Body Research Corporation to dismiss the action as against it by reason of insufficiency of process, improper venue, lack of jurisdiction over the person and lack of jurisdiction over the subject matter.

The motion to dismiss for lack of jurisdiction over the defendant Corporation will be allowed.

The affidavit of the Treasurer of Automobile Body clearly states that the Corporation has received no service at its Maryland address, where it is located, and that it does not manufacture any products and, hence, sells no products anywhere. He further states that an examination of all correspondence in the files of Automobile Body for the six months prior to the filing of this action shows no correspondence of any kind with anyone in Massachusetts and no transactions with anyone in Massachusetts. He specifically denies that the Corporation has ever done business in Massachusetts. He also further denies that any officer, employee, director or stockholder of Automobile Body has any position or connection with Convertible Top Replacement Company, another defendant herein, and states that the two corporations are entirely separate and distinct.

A counteraffidavit filed by local counsel for the plaintiffs, apparently, seeks to bring this case within the orbit of Radio Shack Corporation v. Lafayette Radio Electronics Corp., 182 F.Supp. 717 (D.C.Mass.1960). He does not controvert the affidavit of the defendant's Treasurer directly but states upon information and belief that Convertible Top is the alter ego of Automobile Body and that Convertible Top was set up as a dummy to do business in Massachusetts for Automobile Body. His affidavit further states that, prior to the formation of Convertible Top, Automobile Body did attempt to collect royalties from a Massachusetts corporation for an alleged infringement of its patents. This does not constitute doing business within the meaning of the Massachusetts statute, Mass. G.L. (Ter. Ed.) c. 181 § 3, so as to permit service of process on the Commissioner of Corporations.

The testimony of Attorney Paul V. Power, who is counsel for Convertible Top, adds nothing to the plaintiffs' claim but does establish clearly that service upon him was not authorized.

Inasmuch as I find that Automobile Body was not doing business in Massachusetts and had not authorized Mr. Power to accept service for it, the

allegations of jurisdiction in this court are not sustained and the action is dismissed as against Automobile Body for lack of jurisdiction.