**Brian R. GARNEY, Plaintiff,**
**v.**
**MACFADDEN PUBLICATIONS, INC.,**
**Defendant.**
**Civ. A. No. 64–541–C.**

United States District Court
D. Massachusetts.
March 22, 1965.

Robert G. Clark, Jr., Brockton, Mass., for plaintiff.

James P. Lynch, Jr., Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a civil action in tort for alleged libel and slander commenced in the Superior Court for Plymouth County, Commonwealth of Massachusetts, and thereafter removed to this Court by defendant upon the basis of diversity jurisdiction.

Plaintiff attempted to effect service of process herein by causing a Deputy Sheriff to leave copies of the writ and summons at the office of the Secretary of State of the Commonwealth of Massachusetts. Service was attempted in this fashion on the theory that the Secretary was the "true and lawful attorney of the defendant" for the purpose of service of process.

The defendant has filed in this Court a motion to dismiss the action or in lieu thereof to quash the return of service, on the ground that it is a foreign corporation not subject to the service of process within this Commonwealth, and that it has neither consented to nor is otherwise amenable to substituted service of process. An affidavit of the President of the defendant corporation was filed in support of its motion. No counter-affidavit was filed by the plaintiff.

Upon the basis of the declaration, the Sheriff's return of service on the writ, the motion and the supporting affidavit, it is clear that defendant is not "doing business" within the Commonwealth of Massachusetts within the meaning of the term as used in Mass.G.L. ch. 181, sec. 3A, as that statute has been interpreted by the Supreme Judicial Court of the Commonwealth. See Lowd v. California Fund Management Co., 235 F.Supp. 486 (D.Mass.1964).

It is equally clear that even if defendant were doing business here, plaintiff's alleged cause of action did not arise out of any such business. Coakley v. Frank A. Munsey Co., 50 F.Supp. 83 (D.Mass. 1943).

The motion to quash service of process is allowed.