*Municipal Court of the City of Boston*

No. 185308

**GEORGE CONDAKES, ET AL,**

v.

**MISSOURI PACIFIC R.R. CO.**

No. 165823

**ANTHONY J. SARNO,**

v.

**MISSOURI PACIFIC R.R. CO.**

Argued: June 7, 1968   Decided: Sept. 9, 1968

*Present:*   Adlow, C.J., Foster, Gorrasi, J.J.

Cases tried to *Mottola, Sp. J.* in the Municipal Court of the City of Boston  Nos. 185308, 165823

*Adlow, C.J.*  Two actions of contract and tort brought against the Missouri Pacific Railriad Co., a non-resident corporation. The defendant in both cases denied the jurisdiction of this court to hear the case and pleaded in abatement. Both cases involve the identical issue and will be disposed of in one opinion.

*There was evidence that* the defendant railroad is a Missouri Corp. with principal headquarters in St. Louis, Missouri, with lines of railroad only in the States of Missouri, Illinois, Arkansas, Louisiana, Texas, Oklahoma, Kansas, Nebraska, Colorado, Tennessee, and Mississippi. [It has an office in this Commonwealth]. This railroad does not own, lease, or operate any lines of railroad within this Commonwealth. It has no bank account or other funds in Massachusetts; its employees are paid by checks drawn on St. Louis banks, as is the rent and other expenses of maintaining the office. The function of the General Agent and three Traffic Representatives operating through the Boston office is to solicit freight business for the defendant's lines in New England and the Canadian Provinces.

The agents operating in Boston, do not issue bills of lading, sell passenger tickets, process claims of shippers or receivers, collect fares or charges, buy equipment, rent offices, or

make any contract within the Commonwealth of Massachusetts. Claims filed against the defendant are processed through the defendant's freight claims office in Palestine, Texas. Where a shipper or receiver of freight disputes a freight bill the traffic solicitor may be specifically authorized to contact him and explain the bill. Because the defendant railroad does not originate or terminate shipments in this Commonwealth it does not present freight bills or collect them in this Commonwealth.

The defendant railroad performs the above services from its office in Boston located at 294 Washington Street. This office is staffed by a General Agent, three traffic representatives, a chief clerk and a steno clerk, all six employees being residents of Massachusetts. Massachusetts income taxes are withheld from the wages of these employees by the defendant. The office which covers an area of about 656 square feet of floor space, is rented on a monthly basis, and contains furniture valued at $800.00. For the convenience of the employees the defendant railroad has three automobiles which are registered to the defendant in Massachusetts. The defendant has no financial office or agency within the Commonwealth of Massachusetts. It is not registered here as a corporation.

On these facts the court sustained the answer in abatement. The plaintiff being aggrieved brings this report.

There was no error. The conditions under

which a non-resident corporation may enter this Commonwealth and promote its interests without being subjected to the jurisdiction of our courts have been clearly defined in *Thurman* v. *Chicago, Milwaukee and St. Paul Ry. Co.*, 254 Mass. 569. In that case the court held, in construing a statute authorizing service of process on foreign corporations (G.L. c. 223, § 38), that the simple solicitation of business by such a corporation did not constitute such a doing of business as to render it subject to the process of our courts. The rule was reaffirmed subsequently in *Remington Arms Co., Inc.* v. *Lechmere Tire & Sales Co.*, 339 Mass. 131, and has been followed in the Federal Courts. *Pulson* v. *American Rolling Mill. Co.*, 170 F.2d, 193. *Kelley* v. *Delaware, L & W RR.*, 170 F.2d 195.

The facts in the *Thurman* case are identical on all four with the facts in issue here.

We have been urged to consider the *Thurman* rule as of no binding effect by reason of the subsequent decision in *Wyshak* v. *Anaconda Copper Mining Co.*, 328 Mass. 219. We do not agree. The rule in the *Wyshak* case merely emphasized the narrow range of activity permitted a non-resident corporation which would avoid exposure to the jurisdiction of our courts. In the *Thurman* case the activity of the defendant was limited to the solicitation of business. In the *Wyshak* case the court justified its departure from the *Thurman* rule by pointing out activities additional to solicitation of

business. These additional activities were evidenced by a more substantial office and more numerous working staff, activities embracing promotional work, and the investigation of complaints. In the court's words, "Investigation and correspondence as to complaints partake of activity outside the simple solicitation of business." *Wyshak* v. *Anaconda Copper Mining Co.*, 328 Mass. 219, 223. The *Wyshak* rule was not a departure from the *Thurman* case but a reaffirmation of the rule in *Reynolds* v. *Missouri, K & T Ry.*, 224 Mass. 379, where the court identified the activities other than soliciting which sufficed to confer jurisdiction on a non-resident coropration. These additional elements are present in *Jet Mfg. Co., Inc.* v. *Sanford Ink Co.*, 330 Mass. 173, 176. They are absent in the case under review.

The abatement of the writs in the cases under review was proper. **Report dismissed.**

FRANK INFELISE of Boston

for the plaintiffs.

JOSEPH L. COTTER of Boston

for the defendant in addition to cases cited in the opinion cited the following:

*Int. Shoe Co.* v. *Washington,* 326 US 310. *St. Louis* v. *Southwestern Ry.* v. *Alexander,* 227 US 218. *Green* v. *Chicago, Burlington & Quincy Ry.,* 205 US 530. *Caso* v. *Lafayette Radio Electronics Corp.,* 370 F.2d 707. *Waltham Precision Instrument Co.* v. *McDonnell Aircraft Corp.,* 310 F.2d 20. *Ladd* v. *Brickley,* 158 F.2d 212.

*Lowd* v. *California Fund Mgmt. Co.*, 235 F. Supp. 486. *Radio Shack Corp.* v. *Lafayette Radio Electronics Corp.*, 182 F. Supp. 717.

Plaintiff's citations included: *McGee* v. *Int. L. Ins. Co.*, 355 US 220. *Perkins* v. *Benquet Cons./ Mining Co.*, 342 US 437. *Stein* v. *Canadian Pac. SS. Co.*, 298 Mass. 479. *William I. Horlick Co.* v. *Bogue El. Mfg. Co.*, 146 F. Supp. 347. *De-Nucci* v. *Fleischer*, 225 F. Supp. 935.